798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone Victor HARDIN, Petitioner-Appellant,
v.
Robert REDMAN, Respondent-Appellee.
 Nos. 85-1546, 85-1585.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioner-Appellant, Tyrone Victor Hardin, appeals from a district court order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Petitioner alleges that the identification procedure which was integral in his state jury conviction for armed robbery (M.C.L. 750.529; M.S.A. 28.797) was so suggestive as to violate his Fourteenth Amendment right to due process. Although we cannot condone the suggestive identification procedures used in this case, and note there were a number of discrepancies in the identification of petitioner, we do not conclude the alleged violations rise to a constitutional level. The state trial judge was also keenly aware of a possible misidentification and after a suppression hearing, barred the testimony . of two witnesses who participated in the faulty identification procedure. Accordingly, we affirm the decision below denying the writ of habeas corpus.
 
 
 2
 On October 30, 1979, two men entered Reilly's Drug Store on East Fulton Street in Grand Rapids and robbed eight people inside the store. The eight people were taken into the basement, forced to disrobe, and had their clothes mixed up. The two men then left. A few minutes later, a police officer, having heard a broadcast alert, decided to stop petitioner's car. The officer had learned from the alert that one of the robbers had worn a tan jacket. Petitioner, who was driving his car with two passengers within a few miles of the drug store, was wearing a tan jacket. However, rather than stopping for the police officer, all three people in the car shot at him. Petitioner was soon arrested.
 
 
 3
 On November 6, 1979, petitioner participated in a six-man lineup. Only one of the eight eyewitnesses, David Plite, identified petitioner as one of the robbers. Three of the others were unable to identify anyone. The other four identified someone other than petitioner.
 
 
 4
 In the fall of 1980, petitioner went on trial for his shootout with the police. The eight eyewitnesses were subpoenaed for this but did not testify. Most of them were also shown a picture of the lineup and a single photograph of petitioner. Neither petitioner nor his counsel was present for this photographic display. We find this photographic display to be unduly suggestive. This court in United States v. Russell, 532 F.2d 1063 (6th Cir. 1976) noted that photographic identification procedures can be unduly suggestive, and lead to possible misidentifications. Accordingly, although this procedure does not require reversal in the instant case, we cannot condone it.
 
 
 5
 Trial started on March 16, 1981. Before taking testimony, the trial court held an identification suppression hearing. In our view, the trial court erred by allowing some eyewitnesses who later testified at petitioner's trial to view petitioner in the county jail, flanked by deputies, prior to the suppression hearing. Defendant at this time was without counsel. The right to counsel at any "critical confrontation" i.e. the viewing at the county jail, was enunciated by this court in Holland v. Perini, 512 F.2d 99 (6th Cir. 1975), cert. denied, 423 U.S. 934 (1975). We find the breach of this principle especially troublesome insofar as it occurred contemporaneously with the suppression hearing: the very hearing which is supposed to ameliorate the effects of impermissible or faulty identifications. However, we conclude the error was harmless. After the hearing, the trial court suppressed the identification testimony of two of the witnesses; both of whom misidentified petitioner at the lineup.
 
 
 6
 On appeal, petitioner claims identification by four other witnesses should also have been suppressed. We note that the district court, in analyzing this claim, properly assess the reliability of the identification under "the totality of the circumstances" test as enunciated in Nell v. B ers, 409 U.S. 188, 199 (1972). Our standard of review of the state trial judge's factual findings is whether they are "clearly erroneous," although the ultimate legal question as to the reliability of the identification is subject to our de novo review. Smith v. Perini, 723 F.2d 478 (6th Cir. 1983), cert. denied 466 U.S. 941 (1984). The district court, in evaluating the reliability of each witness, meticulously applied the Neil v. B test. Accordingly, we AFFIRM the district court's denial of habeas.